IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD LUCAS, II,<br><br>           Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., COLUMBUS-PITTSBURGH PROPERTIES LTD, and E.V. BISHOFF COMPANY<br><br>           Defendants. | Case No.<br><br><br><br><br>Filed Electronically |

## COMPLAINT

RICHARD LUCAS, II, ("Plaintiff"), by his attorney alleges as follows:

1. Plaintiff Richard Lucas, II, brings this civil action against T-MOBILE USA, INC., COLUMBUS-PITTSBURGH PROPERTIES LTD, AND E.V. BISHOFF COMPANY (collectively "Defendants").

2. Plaintiff seeks to redress discrimination on the basis of disability, including violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations, in connection with accessibility barriers at a property owned by COLUMBUS-PITTSBURGH PROPERTIES LTD, and E.V. BISHOFF COMPANY and the business at that location operated by T-MOBILE USA, INC., ("Defendants' facility").

3. Plaintiff cannot engage in the major life activity of walking; he relies on a wheel chair due to a mobility disability.

4. Plaintiff has attempted to patronize Defendants' facility, and intends to patronize Defendants' facility in the future, provided the entrance to the facility is made accessible.

5.      Therefore, Plaintiff seeks a declaration that Defendants' facility violates federal law and an injunction requiring Defendants to remove the identified access barriers so that Defendants' facility is fully accessible to, and independently usable by individuals with mobility disabilities, as required by the ADA.  Plaintiff further requests that, given Defendants' failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendants come into compliance with the relevant requirements of the ADA and to ensure that Defendants adopt and follow a policy that will, in fact, cause Defendants to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

6.      Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. § 12181-89.

7.      Defendants are required to remove existing architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 CFR 36.304(a) and 42 U.S.C. Section 12182(b)(2)(A)(iv); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' must remove barriers at the facility to ensure that it is readily accessible to and useable by individuals with disabilities as defined by the ADA.

8. Defendants own, operate, control and/or lease a place of public accommodation.

9. Defendants' facility is not fully accessible to, and independently usable by individuals who use wheelchairs.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

11. Plaintiff's claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

12. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

13. Plaintiff, Richard Lucas, II, is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania. As a result of his disability, Plaintiff is unable to walk and relies upon a wheelchair for mobility. He is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

14. Defendant COLUMBUS-PITTSBURGH PROPERTIES LTD, is a Pennsylvania Limited Partnership with a principal place of business at 355 5TH AVE PITTSBURGH PA 15222. It is the owner of record of the property at issue in this matter.

15. Defendant E.V. BISHOFF COMPANY is an Ohio corporation with a principal place of business at 33 N 3RD ST COLUMBUS OH 43215. Its website describes it as "owner-operator" of its properties, including the property at issue in this law suit.

16. Defendant T-MOBILE USA is a Delaware corporation with a principal place of business at 12920 SE 38TH ST BELLEVUE WA 98006-1350. On information and belief, it leases and operates the property at issue.

17. Defendants' property located at 100 5th Avenue, Pittsburgh, PA is a public accommodation pursuant to 42 U.S.C. §12181(7)(E).

## VIOLATIONS AT ISSUE

18. Plaintiff attempted to visit Defendants' T-Mobile retail store located at 100 5th Avenue, Pittsburgh, PA.

19. Plaintiff observed that there were two steps obstructing the entrance to the facility. Plaintiff was unable to locate an alternative wheelchair accessible entrance to the facility.

20. As a result of Defendants' non-compliance with the ADA, Plaintiff cannot independently access Defendants' facility.

21. Plaintiff lives less than a mile from the property at issue. He visits this area regularly, and intends to return to Defendants' facility to shop and to ascertain whether the facility remains in violation of the ADA.

22. Unless and until Defendants remove the architectural barrier at issue, Plaintiff will be deterred from returning to Defendants' facility.

23. Without injunctive relief, Plaintiff will continue to be unable to fully and independently access Defendants' facility in violation of his rights under the ADA.

## SUBSTANTIVE VIOLATION

24. On information and belief, Defendants' have altered areas of the facility since January 26, 1992. Such alterations must be readily accessible to persons with disabilities to the maximum extent feasible. *See* 42 U.S.C.§ 12183(a)(2).

25. The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. Section 12182(b)(2)(A)(iv).

26. The removal of the above-described barrier would be readily-achievable.

27. Defendants are required to provide individuals who use wheelchairs full and equal enjoyment of their facility.  42 U.S.C. § 12182(a).

28. Defendants have failed, and continue to fail, to provide individuals who use wheelchairs with full and equal enjoyment of their facility.

29. Defendants have discriminated against Plaintiff in that they have failed to make their facility fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

30. Defendants' conduct is ongoing, and Plaintiff has been harmed by Defendants' conduct.

31. Given that Defendants have not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment:

a. Declaring that Defendants have violated Title III of the ADA and its implementing regulations;

    b.       Ordering Defendants to take all steps necessary to remove the architectural barriers described above and to bring their facility into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that their facility is fully accessible to, and independently usable by, individuals who use wheelchairs;

    c.       Ordering Defendants to pay the costs of this suit;

    d.       Ordering Defendants to pay reasonable attorneys' fees, as authorized by 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

    e.       Granting such other relief as this court deems just and equitable.

Dated:  November 17, 2017                              Respectfully Submitted,

                                                                         */s/ Carlos R. Diaz*
                                                                         Carlos R. Diaz (PA 205177)
                                                                         cdiaz@smalawgroup.com
                                                                         **STEWART, MURRAY & ASSOC. LAW GROUP, LLC**
                                                                         437 Grant Street, Suite 600
                                                                         Pittsburgh, PA 15219
                                                                         Phone:  (412) 765-3345
                                                                         Fax:  (412) 765-3346
                                                                         www.smalawgroup.com